EDWARD E. LIZARDO AND LINDA D. LIZARDO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lizardo v. Commissioner
Docket No. 22732-94
United States Tax Court
T.C. Memo 1995-343; 1995 Tax Ct. Memo LEXIS 338; 70 T.C.M. (CCH) 203; July 26, 1995, Filed *338 An order of dismissal will be entered denying petitioners' motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for lack of jurisdiction. For petitioners: Leonard T. Bradt. For respondent: Jordan Musen and Henry E. O'Neill. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. The facts pertinent to the disposition of this matter are summarized below. [1]
Background
Edward E. Lizardo and Linda D. Lizardo (petitioners) invested in various programs promoted by Henry Kersting and presently have several cases pending before this Court. [2] On January 8, 1993, respondent's District Counsel office in Honolulu, Hawaii, mailed a settlement letter to petitioners respecting the cases assigned docket *339 Nos. 4455-90 and 842-91. The letter was mailed to 570 Altamont Drive, Milpitas, California 95035. [3] The January 8, 1993, letter was returned to respondent undelivered. On February 10, 1993, respondent remailed the settlement letter to petitioners at 135 Park Meadow Drive, Madison, Alabama, 35758 (the Park Meadow Drive address). This letter was not returned to respondent undelivered, nor did respondent receive a reply from petitioners with respect to the letter. On March 5, 1993, Revenue Agent Carole Wong, assigned to the Internal Revenue Service District Director's *340 office in Honolulu, mailed a letter to petitioners advising them that their 1989 Federal income tax return had been selected for examination. The letter was mailed to 121 Athens Boulevard, Madison, Alabama, 35758-8590 (the Athens Boulevard address), the address appearing on petitioners' Federal income tax returns for 1990 and 1991 filed on October 10, 1992, and August 20, 1992, respectively. The March 5, 1993, letter was not returned to respondent, nor did respondent receive a reply from petitioners with respect to the letter. On April 12, 1993, respondent mailed a notice of deficiency to petitioners determining a deficiency in their Federal income tax for 1989 in the amount of $ 5,901 and an addition to tax under section 6662(a) in the amount of $ 1,180. The deficiency notice was mailed to the Athens Boulevard address. Respondent has no indication that the deficiency notice was returned undelivered. Petitioners' 1992 Federal income tax return, executed April 15, 1993, and received by respondent on April 19, 1993, lists petitioners' address as the Park Meadow Drive address. On December 8, 1994, petitioners filed a petition with this Court seeking a redetermination with respect *341 to their tax liability for 1989. The petition was delivered to the Court by private courier on December 8, 1994. At the time the petition was filed, petitioners were residing in Sunnyvale, California. As indicated, respondent filed a motion to dismiss for lack of jurisdiction. Respondent contends that dismissal for lack of jurisdiction is required on the ground that petitioners failed to file their petition within the 90-day period prescribed in section 6213(a). Petitioners filed a reply to respondent's motion asserting that the deficiency notice was not mailed to their last known address and that respondent failed to exercise due diligence in ascertaining petitioners' correct address. Petitioners also filed a motion to dismiss for lack of jurisdiction asserting the case should be dismissed on the ground that the deficiency notice is invalid. Respondent filed a supplement to her motion to dismiss asserting that the notice in question was in fact mailed to petitioners' last known address. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); ; *342 . Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); . If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. , affg. ; ; . The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). There is no dispute in the instant case that respondent mailed a deficiency notice to petitioners for the 1989 taxable year on April *343 12, 1993. However, petitioners did not file their petition for redetermination with this Court until December 8, 1994, many months after the expiration of the 90-day period prescribed in section 6213(a). Under the circumstances, it is evident that the petition was not timely filed and that we lack jurisdiction to redetermine petitioners' tax liability for the 1989 taxable year. The question presented is whether the dismissal should be premised on petitioners' failure to file a timely petition under section 6213(a) or respondent's failure to issue a valid notice of deficiency under section 6212. Petitioners contend that respondent failed to mail the deficiency notice to their last known address. Although the phrase "last known address" is not defined in the Internal Revenue Code or the regulations, we have held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. ; see . The burden of proving that a notice of deficiency was not sent to the *344 taxpayer's last known address is on the taxpayer. . Contrary to petitioners' view of the matter, we conclude that the deficiency notice was mailed to their last known address. Respondent mailed the deficiency notice to the address appearing on petitioners' 1990 tax return, the last tax return filed by petitioners prior to the issuance of the deficiency notice. Moreover, there is no evidence in the record that would support a finding that petitioners provided respondent with clear and concise notice of their change of address during the period in question. Although respondent's Honolulu District Counsel office arguably was aware that petitioners were receiving mail at the Park Meadow Drive address prior to the mailing of the deficiency notice, it cannot be said that respondent was effectively notified of petitioners' change of address. Equally important, we would not charge the Honolulu District Director with such information in issuing the deficiency notice. See, e.g., , affd. without published opinion ; *345 . [4]
In addition, we note that there is nothing in the record indicating that the March 5, 1993, letter mailed to the Athens Boulevard address was returned to respondent as undelivered. This letter was a notice issued by the District Director for an examination of the 1989 return. Not having received a response to that letter, respondent mailed the notice of deficiency 5 weeks later to petitioners at the same address. Because the deficiency notice was mailed to petitioners' last known address, we shall deny petitioners' motion to dismiss for lack *346 of jurisdiction and grant respondent's motion to dismiss for lack of jurisdiction. [5]
To reflect the foregoing, An order of dismissal will be entered denying petitioners' motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for lack of jurisdiction.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In addition to the instant case, petitions are pending before the Court in docket Nos. 4455-90, 842-91, and 16439-94, all of which involve items relating to their Kersting investments.↩
3. This Altamont Drive address, taken from a so-called piggyback agreement that petitioners executed on Apr. 29, 1991, in the case assigned docket No. 842-91, reflected the most current address on file for petitioners with Honolulu District Counsel's office at that time.↩
4. See also ; , affd. without published opinion ; cf. (where oral notice of a change of address was given to the examining agent).↩
5. While petitioners cannot pursue their case in this Court, they are not without a remedy. In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See .↩